IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JADA HOWARD, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:23-CV-118-L-BH |
| | ) | |
| WALMART INC., | ) | |
|     Defendant. | ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the plaintiff's claims against the defendant should be **DISMISSED** without prejudice *sua sponte* for failure to comply with Fed. R. Civ. P. 4(m) by serving it within 90 days.

### I. BACKGROUND

On January 17, 2023, the *pro se* plaintiff filed a complaint against the defendant and paid the filing fee. (*See* doc. 3.) On January 18, 2023, the Court issued an order stating:

> Because she paid the fee, the plaintiff is now responsible for serving the defendant with a summons and a copy of the complaint in this case as provided by Rule 4(c) of the Federal Rules of Civil Procedure. If a defendant is not served within 90 days after the filing of the complaint, the action is subject to dismissal against that defendant without prejudice. *See* Fed. R. Civ. P. 4(m). In addition, Fed. R. Civ. P. 4(l)(1) requires the plaintiff to file proof of service with the Court unless service is waived. This proof must consist of "the server's affidavit" if service was not accomplished by the United States Marshal or a deputy marshal. *Id.* If the plaintiff does not file a valid return of service or otherwise show that a defendant was properly served, this action may be dismissed against that defendant.

(*See* doc. 5.) The order also directed the clerk to mail the plaintiff summons forms and a copy of Rule 4. The docket reflects that the documents were served with the order, and a summons was issued.

After more than 90 days had passed from the date of that this suit was filed, but the plaintiff

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

had failed to file a valid return of service on the defendant or otherwise show that it had been timely served, she was ordered to file a valid return of service or show good cause in writing by May 8, 2023, explaining why service could not be made. (*See* doc. 8.) Her response, which was untimely filed on May 11, 2023, stated that she has been attempting to find an attorney and requested that her efforts be taken into consideration. (*See* doc. 9.) The response did not state whether she had attempted to serve the defendant herself or describe her efforts to serve the defendant. (*See id.*)

On May 12, 2023, the plaintiff was again ordered to file a valid return of service or show good cause in writing by May 22, 2023, explaining why service could not be made. (*See* doc. 10.) As of this date, the plaintiff has not filed a valid return of service for the defendant or shown cause in writing for her failure to serve the defendant. Nor has she filed anything else.

## II.  RULE 4(m)

Because she paid the filing fee, the plaintiff was responsible for serving the defendant with a summons and a copy of the complaint as provided by Rule 4(c) of the Federal Rules of Civil Procedure. She was required to make proper service within 90 days of filing the complaint. *See* Fed. R. Civ. P. 4(m). She was also required to file proof of service, unless service was waived. *See* Fed. R. Civ. P. 4(l)(1). Proof consists of "the server's affidavit" when service is not effected by a United States marshal or deputy marshal. *Id.*

When proper service is not made within 90 days of filing a complaint, an action is subject to *sua sponte* dismissal without prejudice. Fed. R. Civ. P. 4(m). Dismissal is not proper "if the plaintiff shows good cause for the failure" to properly accomplish service, however. *Id.* In the Fifth Circuit, courts must allow additional time for service if a plaintiff can establish good cause. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325–26 (5th Cir. 2008) (citing *Thompson v. Brown*, 91 F.3d

20, 21 (5th Cir. 1996)). "[T]o establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. United States R.R. Ret. Bd*., 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). Courts also typically require "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995). The plaintiff bears the burden to show good cause. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

Even if the plaintiff fails to show good cause, a court has the discretionary power to extend the time for service instead of dismissing the case without prejudice. *Millan*, 546 F.3d at 325 (citing *Thompson*, 91 F.3d at 21). Exercise of this discretionary power "may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Millan*, 546 F.3d at 325 (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)).

Here, far more than 90 days have passed since the plaintiff filed this action, but she has not accomplished service on the defendant despite the order to file a valid return of service or show cause in writing as to why service could not be made on the defendant. She has not filed a valid return of service, or anything else, so she has not met her burden to show cause for her failure to properly serve the defendant. She has not shown anything that supports the exercise of discretion to provide more time to accomplish service. Accordingly, no extension of time is required, and dismissal of the action against the defendant is warranted. *See Caceres-Mejia v. Watson*, 718 F. App'x 307, 308–09 (5th Cir. 2018) (per curiam) (finding that the district court did not abuse its

discretion in dismissing an action without prejudice for lack of timely service where the plaintiff did not follow state law for service of summons or file the requisite proof to establish that the defendant acknowledged service of process).

### III.  RECOMMENDATION

The plaintiff's claims against the defendant should be **DISMISSED** without prejudice *sua sponte* for failure to comply with Fed. R. Civ. P. 4(m) by serving it within 90 days, and judgment should be entered unless the plaintiff files a valid proof of service for the defendant within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SO RECOMMENDED on this 5th day of June, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE