IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JADA HOWARD, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-0118-L-BH |
| | § | |
| WALMART INC., | § | |
|     Defendant. | § | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, *Defendant's Rule 12(b)(6) Partial Motion to Dismiss and Alternative Rule 12(e) Motion for More Definite Statement*, filed June 22, 2023 (doc. 14), should be **GRANTED IN PART**, and the state law claims should be **DISMISSED** *sua sponte*. The alternative motion for a more definite statement is **DENIED as moot**.

### I.  BACKGROUND

Jada Howard (Plaintiff) worked for Walmart Inc. (Defendant) from April 2018, until she resigned from her customer service position in April 2019. (doc. 3 at 2.)[2] She was the only "African American women [sic] in the workplace." (*Id.*) She contends that her supervisor sexually harassed her on an unspecified date "by sending pornography at 10am to 12pm to her cell phone during working hours causing [her] undue stress and duress." (*Id.*) On or about September 20, 2018, Plaintiff notified Defendant that she had filed a complaint with the Equal Employment Opportunity Commission (EEOC) and sought outside mediation. (*Id.* at 3.) She received the right to sue letter from the EEOC on October 25, 2022. (*Id.* at 2.)

On January 17, 2023, Plaintiff filed this *pro se* action against Defendant, alleging it "violated

---

[1]By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Section 704(a) of Title VII of the Civil Rights Act of 1964 and Sexual Harassment, a woman who is in a protected class by discriminating against the Plaintiff, and sexual discrimination based upon race and the plaintiff was [c]onstructive discharge by hostile work environment." (doc. 3 at 3.) She seeks $475,000 in damages, reasonable attorney's and court costs, and equitable relief under Chapter 21 of the Texas Labor Code. (*Id.* at 4-5.) Liberally construed, her complaint alleges claims for discrimination, hostile work environment, and constructive discharge under Title VII of the Civil Rights Act of 1964 (Title VII) and Chapter 21 of the Texas Labor Code (Chapter 21).

On June 22, 2023, Defendant moved to dismiss all of Plaintiff's federal claims, or in the alternative, for a more definite statement. (doc. 14.) Plaintiff did not respond to the motion.

## II. MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's Title VII claims for "sexual discrimination based upon race" and "constructive discharge by hostile work environment" under Federal Rule of Civil Procedure 12(b)(6) for failure to state a plausible claim for relief. (*See* doc. 14 at 2.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most

2

favorable to the plaintiff. *Baker*, 75 F.3d at 196.

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Id*. at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 683.

A.  **Discrimination**

Defendant argues that Plaintiff's allegation of "sexual discrimination based upon race" is not a cognizable cause of action, and the allegations within her complaint are wholly deficient with respect to any claim for discrimination under Title VII. (doc. 14 at 2.)

Title VII makes it unlawful for employers to discriminate against individuals with respect to

their "compensation, terms, conditions, or privileges of employment, because of [their] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "A plaintiff can prove intentional discrimination through either direct or circumstantial evidence." *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001). Where the plaintiff offers circumstantial evidence of discrimination, her discrimination claim is subject to "the burden-shifting analysis introduced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which first requires her to establish a prima facie case of discrimination." *Saketkoo v. Administrators of Tulane Educ. Fund*, 31 F.4th 990, 997 (5th Cir. 2022) (citing *Wallace*, 271 F.3d at 219). Generally, a plaintiff must establish a prima facie case of discrimination by showing that she (1) belongs to a protected group; (2) was qualified for her position; (3) suffered an adverse employment action; and (4) was replaced by or was treated less favorably than a similarly qualified individual outside the protected class. *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007) (per curiam).

While a plaintiff's complaint need not plead a prima facie case of discrimination in the motion to dismiss context, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002), the prima facie elements are not entirely irrelevant, and no plaintiff is exempt from her obligation to allege sufficient facts to state all the elements of her claim, *Puente v. Ridge*, 324 F. App'x 423, 427-28 (5th Cir. 2009). The ordinary rules for assessing the sufficiency of a complaint apply. *Swierkiewicz*, 534 U.S. at 511. It is not sufficient to merely assert a legal conclusion that the plaintiff was discriminated against because of a protected characteristic. *See Landavazo v. Toro Co.*, 301 F. App'x 333, 336 (5th Cir. 2008) (per curiam). "When a plaintiff sets out facts that do not seem to have anything to do with discrimination based on a protected characteristic, the claim is properly dismissed pursuant to Rule 12(b)(6)." *Phillips v. United Parcel Serv.*, No. 3:10-CV-1197-G-BH, 2011 WL 2680725, at *4 (N.D.

4

Tex. June 21, 2011), *adopted by* 2011 WL 2678949 (N.D. Tex. July 8, 2011), *aff'd by* 485 F. App'x 676 (5th Cir. 2012) (citation and quotation omitted).

Here, the complaint includes no factual allegations to support a discrimination claim against Defendant. (*See* doc. 3.) Plaintiff alleges only that she was discriminated against and that she was subjected to "sexual discrimination based upon race." (*Id.* at 3.) While Plaintiff identifies characteristics that are covered by Title VII, she does not set forth specific facts that would support the reasonable inference that Defendant took any adverse action because of any protected status. *See, e.g., Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (concluding that plaintiff's "complaint and speculation did not allege any facts, direct or circumstantial, that would suggest [employer's] actions were based on [plaintiff's] race or national origin"); *Whitlock v. Lazer Spot, Inc.*, 657 F. App'x 284, 287 (5th Cir. 2016) (affirming dismissal of plaintiff's race discrimination claim where his "conclusory allegations d[id] not contain sufficient content to allow us to draw the inference that [defendant] is liable for terminating [plaintiff's] employment because of his race"). Her conclusory and general claims of discrimination because of race and sex are not sufficient to state a plausible claim for discrimination under Title VII. *See Landavazo*, 301 F. App'x at 336. Liberally construing her allegations of "sexual discrimination based upon race" as raising a claim of discrimination under Title VII, Defendant's motion to dismiss should be granted, and the claim should be dismissed.

**B.**     **Hostile Work Environment and Constructive Discharge**

Defendant argues that Plaintiff has failed to allege any facts to support her conclusory statement of "[c]onstructive discharge by hostile work environment." (doc. 14 at 4.)

It is well established that "a plaintiff may establish a violation of Title VII by proving that

5

discrimination based on sex has created a hostile or abusive work environment." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986). To set forth a proper hostile work environment claim based on sexual harassment, a plaintiff must demonstrate that "(1) [she] belonged to a protected class; (2) [she] was subject to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a 'term, condition, or privilege' of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action." *Bye v. MGM Resorts Int'l, Inc.*, 49 F.4th 918, 923 (5th Cir. 2022) (quoting *Woods v. Delta Beverage Grp., Inc.*, 274 F.3d 295, 298 (5th Cir. 2001)). A plaintiff is not required to prove the fifth element if the alleged harasser is a supervisor. *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 353-54 (5th Cir. 2001) (citation omitted).

For harassment to affect a term, condition, or privilege of employment, it must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). "A plaintiff 'must subjectively perceive the harassment as sufficiently severe or pervasive, and this subjective perception must be objectively reasonable.'" *Gardner v. CLC of Pascagoula, L.L.C.*, 915 F.3d 320, 325 (5th Cir. 2019) (quoting *Frank v. Xerox Corp.*, 347 F.3d 130, 138 (5th Cir. 2003)). In determining whether a workplace constitutes a hostile work environment, a court "examines the totality of circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 445 (5th Cir. 2017) (citation and quotations omitted); *see also Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 325-26 (5th Cir. 2004) (recognizing that "no single factor is required").

"[I]solated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Saketkoo*, 31 F.4th at 1003 (quoting *Butler v. Ysleta Indep. Sch. Dist.*, 161 F.3d 263, 269 n.3 (5th Cir. 1998)).

"Constructive discharge is properly viewed as an aggravated case of hostile work environment sexual harassment." *Muniz v. El Paso Marriott*, 773 F. Supp.2d 674, 683 (W.D. Tex. 2011) (citing *Pa. State Police v. Suders*, 542 U.S. 129, 146 (2004)). To establish a cause of action for constructive discharge, a plaintiff must allege facts showing that her "working conditions were so intolerable that a reasonable employee would feel compelled to resign." *Newbury v. City of Windcrest*, 991 F.3d 672, 677 (5th Cir. 2021) (quotation omitted). A court considers the following factors, singly or in combination, to determine whether a reasonable employee would have felt compelled to resign: "(1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (6) offers of early retirement that would make the employee worse off whether the offer were accepted or not." *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 991 (5th Cir. 2008) (citation omitted). "Ultimately, to succeed on a constructive discharge claim, the plaintiff must show a greater degree of harassment than is required for a hostile work environment claim." *Hockman*, 407 F.3d at 331.

Here, Plaintiff alleges in conclusory fashion that she was "intentionally sexually harassed by her supervisor on the job and then harassed causing a hostile work environment." (doc. 3 at 2.) She alleges that she was sexually harassed when her supervisor sent pornography to her cell phone during working hours despite management stating "they have a no sexual harassment policy." (*Id.* at 2-3.) She also alleges that she "took a constructive discharge as a result of the hostile work environment

and the sexual harassment." (*Id.* at 2.)

Receipt of unsolicited pornography from her supervisor during a two-hour window on one date is not enough to create an inference that Plaintiff endured sufficiently severe or pervasive conduct to create a hostile work environment. *Muniz*, 773 F. Supp.2d at 680 (finding supervisor's offensive comment about bratwurst, display of pornographic image, and offensive gesture not sufficiently severe or pervasive to constitute a hostile work environment); *see also Hockman*, 407 F.3d at 328 (finding remarks about a coworker's body and requests to be alone with plaintiff were "offhand comments that are boorish and offensive, but not severe"); *Long v. Eastfield College*, 88 F.3d 300, 309 (5th Cir. 1996) (finding single joke involving condoms insufficient to create hostile environment). Notably, in *Shepherd v. Comptroller of Pub. Accts. of State of Texas*, 168 F.3d 871, 874 (5th Cir. 1999), the court found the alleged conduct of a coworker, which included commenting that the plaintiff's "elbows [were] the same color as [her] nipples," remarking that she had big thighs while simulating looking under her dress, attempting to look down her clothing, and patting his lap at an office meeting while stating, "here's your seat," did not render the plaintiff's "work environment objectively 'hostile' or 'abusive'". Because constructive discharge requires a greater degree of harassment than hostile work environment, Plaintiff's allegations are also insufficient to show constructive discharge. *See Hockman*, 407 F.3d at 331. Without sufficient factual allegations to support her claims, Plaintiff fails to state a claim of hostile work environment or constructive discharge under Title VII, and these claims against Defendant should be dismissed for failure to state a claim.[3]

---

[3]Because it has been recommended that Defendant's motion to dismiss under Rule 12(b)(6) be granted, its alternative motion for a more definite statement under Rule 12(e) is denied as moot.

8

### III. *SUA SPONTE* DISMISSAL

As noted, Plaintiff's complaint may be liberally construed as alleging discrimination and harassment claims under Chapter 21 of the Texas Labor Code. (doc. 3 at 4.) While Defendant did not move to dismiss these claims, they may be dismissed *sua sponte* under Rule 12(b)(6) for failure to state a claim as long as Plaintiff has notice and an opportunity to respond. *See Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015); *see also Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). The fourteen-day time frame for filing objections to a recommended dismissal provides Plaintiff with notice and an opportunity to respond. *See Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

Chapter 21 makes it unlawful for employers to discriminate against an individual "in connection with compensation or the terms, conditions, or privileges of employment" because of race, color, disability, religion, sex, national origin, or age. Tex. Lab. Code § 21.051(1). "Sexual harassment is a form of sex discrimination prohibited by the Labor Code." *Muniz*, 773 F. Supp.2d at 678 (citing *Green v. Indus. Specialty Contractors, Inc.*, 1 S.W.3d 126, 131 (Tex. App.—Houston [1st Dist.] 1999, no pet.) and *Syndex Corp. v. Dean*, 820 S.W.2d 869, 871 (Tex. App.—Austin 1991, writ denied)). The same substantive legal standards and evidentiary framework apply to discrimination and harassment claims under Title VII and Chapter 21. *See Culwell v. City of Fort Worth*, 468 F.3d 868, 873 n.3 (5th Cir. 2006); *Williams v. Merck & Co.*, 381 F. App'x 438, 440-41 (5th Cir. 2010) (quoting *AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 592 (Tex. 2008) ("[T]he Texas Labor Code is 'intended to correlate state law with federal law in employment discrimination cases' and courts look to federal law to interpret the statute's provisions.")). To the extent that the complaint can be liberally construed to allege discrimination and harassment claims under Chapter 21, they fail

9

for the same reasons as Plaintiff's Title VII claims. Accordingly, any claim under Chapter 21 should be dismissed *sua sponte* for failure to state a claim.

## IV.  OPPORTUNITY TO AMEND

Notwithstanding a plaintiff's failure to plead sufficient facts, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are willing or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp.2d 552, 567-68 (N.D. Tex. 2005) (citing *Great Plains Trust Co. v. Morgan Stanley Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Nevertheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond, and the plaintiff has had ample opportunity to amend the complaint. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff has not amended her complaint since filing this action, and it does not appear that she has stated her best case with respect to any of her claims. She should accordingly be offered an opportunity to amend her complaint to sufficiently state a claim for relief.

## V.  RECOMMENDATION

If Plaintiff does not file an amended complaint within the 14 days allowed for objections to this recommendation, or by a deadline otherwise set by the Court, Defendant's motion to dismiss should be **GRANTED**, her Title VII claims should be **DISMISSED with prejudice** for failure to state a claim, and her Chapter 21 claims should be **DISMISSED with prejudice** *sua sponte* for

failure to state a claim. If Plaintiff timely files an amended complaint, however, Defendant's motion to dismiss should be **DENIED as moot**, and the action should be allowed to proceed on the amended complaint. Defendant's alternative motion for a more definite statement is **DENIED as moot**.

**SO RECOMMENDED** on this 22nd day of September, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE